IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATRICK PUGH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION 25-00173-KD-MU ) |
| MOBILE METRO JAIL, *et al.,* | ) ) ) |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Plaintiff Patrick Pugh, proceeding without an attorney, or *pro se*, has filed a complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1). Plaintiff, however, has not paid the statutory filing fee of $405 nor filed a Motion to Proceed Without Prepayment of Fees, or *in forma pauperis* (IFP), despite being ordered by the Court to do so. (*See* Doc. 3). Accordingly, the undersigned **RECOMMENDS** Plaintiff's complaint be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

**I.    Background**

Plaintiff filed his initial complaint in April of 2025 challenging the conditions of the Mobile County Metro Jail and the medical care he received following a "slip in fall" in the shower at the jail that was not equipped with handrails and rubber mats. (Doc. 1 at 1). However, at the time Plaintiff filed his complaint, he did not pay the statutory filing fee of $405 or file a motion to proceed without prepayment of fees. On May 12, 2025, the Court ordered him to pay the filing fee or file an IFP motion. (Doc. 3). To assist Plaintiff, the Court provided him with instructions on how to file a proper IFP motion and sent him the necessary form(s). Plaintiff was ordered to file an IFP motion or to pay the filing fee

by June 11, 2025. (*Id*.). Plaintiff was also cautioned that failure to pay the filing fee or to file a completed IFP motion within the required time would result in a recommendation to dismiss this action for failure to prosecute and to comply with the Court's order. (*Id*.).

To date, Plaintiff has failed to pay the required filing fee, file a proper IFP motion in this matter, or communicate with the Court in any manner.

II.    **Dismissal**

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). In the present action, as previously discussed, Plaintiff's complaint was filed without the required filing fee or a motion to proceed without prepayment of the filing fee. He was ordered to pay the filing fee or to file an IFP motion by June 11, 2025. Plaintiff was also warned of the consequence of dismissal for failure to comply with the Court's order. The deadline for compliance has now passed, and the Court has not received Plaintiff's filing fee, IFP motion, or any request for extension of time.

Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** this action be **DISMISSED without prejudice** for failure to prosecute and to comply with the Court's order, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*,

370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

### III.  Conclusion

In accordance with the foregoing, the undersigned **RECOMMENDS** that Plaintiff's complaint (Doc. 1) be **DISMISSED without prejudice**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the **1st** day of **July 2025**.

                                               */s/* P. BRADLEY MURRAY
                                               **UNITED STATES MAGISTRATE JUDGE**